Shoemaker et al. *v.* Sun L. Ins. Co. of America, Appellant.

Argued October 10, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

*F. Raymond Heuges,* and with him *Joseph F. M. Baldi, 2nd,* for appellant, cited: Estate of K. I. Sanes, 9 Pa. Superior Ct. 466; Gannon v. Gannon, 88 Pa. Superior Ct. 239.

*Cohen Schweidel and Krekstein,* for appellee, cited: Kress v. Kress, 75 Pa. Superior Ct. 404; Herrod v. Kimbrough, 83 Pa. Superior Ct. 238.

OPINION BY WHITMORE, J., December 12, 1930:

This was an action instituted by Florence May Shoemaker, by her father and next friend, against the Sun Life Insurance Company to recover on a policy of insurance issued to the husband of the plaintiff. A rule was made absolute requiring the claimant and Mrs. Rose Shoemaker to interplead as to the subject matter of the action.

On July 12, 1927 the Sun Life Insurance Company of America issued a policy of insurance on the life of John Shoemaker (husband of the plaintiff) in the sum of $1,500 and the policy was in force at the time of his death on March 15, 1928. Florence May Shoemaker was the beneficiary therein named.

Rose Shoemaker, the mother of the decedent, bases her claim for the amount of the policy on a request issued by her son, John Shoemaker, to the insurance company, dated January 25, 1928, that her name be

substituted as beneficiary, the request being attached as an exhibit to the affidavit of defense and is a part of the record. This notice did not state the policy number nor the date it was issued and contains, inter alia, above the signature of John Shoemaker, the following: "I am herewith enclosing the policy above named in order that endorsement of the change of beneficiary be made by the Sun Life Insurance Company of America, if said change be approved by the officers of the company. I understand that the change I desire will not become effective until such endorsement be completed."

Below the signature of the insured and a witness there appears the following: "Please note that the policy must in all cases be sent to the home office with this order." This was not done.

The policy with respect to change of beneficiary provides as follows: "Subject to the rights of any assignee under an assignment duly recorded with the company, the insured may (while the policy is in force), with the consent of the company endorsed hereon designate a new beneficiary by filing a written notice thereof at the home office of the company, accompanied by the policy for suitable endorsement; except that no irrevocable beneficiary may be changed during the lifetime of such beneficiary without his or her written consent. Change of beneficiary shall take effect upon the endorsement of the same on the policy, signed by the president or secretary of the company and not before. If any beneficiary shall die before the insured, the interest of such beneficiary shall vest in the insured, his executors, administrators or assigns."

It appears from the testimony that Florence May Shoemaker, the plaintiff, paid the premiums of insurance that became due on said policy, receipts were

introduced in evidence at the trial, and possession of the policy appears to have been in the plaintiff at all times. When John Shoemaker undertook to change the beneficiary by delivering a written request to the insurance company, as above indicated, he did not then nor at any time return the policy. There is nothing in the testimony with respect to his failure so to do, nor any explanation given as to why the policy was not returned for that purpose. This distinguishes this case from our decision in Estate of K. I. Sanes, 91 Pa. Superior Ct. 466.

The holder of a policy of life insurance who desires to change the beneficiary can do so only in accordance with the terms of the policy: see Kress v. Kress, 75 Superior Court 404, Herrod v. Kimbrough, 83 Pa. Superior Ct. 238, and Grant v. Faires, 253 Pa. 232.

In Herrod v. Kimbrough, supra, this court held:

"Where a method has been prescribed by an insurance company, by which the beneficiary under a policy may be changed without the consent of the beneficiary, such method must be followed exactly to bring about an actual and completed substitution of the beneficiary.

"Where the method prescribed provided that there should be notice to the insurance company and a return of the policy for endorsement, the mere giving of notice in the form of a letter is not sufficient.

Where an alleged substituted beneficiary claims the proceeds of the policy of insurance, the burden of proof is upon her to establish her right to the insurance money as against the beneficiary named in the policy."

In view of the law as well established in the foregoing cases, the fact that the policy of insurance was not returned to the company and proper endorsement made thereon as required by its terms, that the insured in his request for change of beneficiary recog-

nized that the policy must be so returned, and no explanation whatsoever having been given for his failure to obtain possession of and deliver the policy to the company for that purpose, the assignments of error are overruled and the judgment is affirmed.