## Fornera's Estate.

Argued October 26, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Eugene C. Sloan,* for appellant.

*J. R. Smiley,* for appellee.

OPINION BY HIRT, J., March 2, 1940:

This action arose in the lower court on a citation of the administratrix of this estate to show cause why the proceeds of an insurance policy on the life of decedent, received by the estate, should not be paid to petitioner, the appellant, on her claim as beneficiary.

Decedent was the holder of a life insurance policy issued by the Metropolitan Life Insurance Company in which his mother Julia Fornera, was the original named beneficiary. The mother died, and after her death an agent of the insurance company came to the home of the

insured on April 17, 1936 and assisted him in preparing a written designation, which the decedent executed in the presence of the agent, naming his sister Stella Cook as the new beneficiary under the policy. For this purpose, a form prepared by the company, was used which contains this provision: "I understand that this designation of beneficiary will take effect when endorsed on the Policy by the Company and not before." On the back of the policy in bold type there was also the following definite notice to the insured: "No change of beneficiary shall take effect unless endorsed on this policy by the Company at the Home Office." As to the method to be followed in effecting a change of beneficiary, the policy provides that the insured may designate a new beneficiary "by filing written notice of this change at the Home Office of the Company accompanied by this Policy for endorsement of the change thereon by the Company. No such change shall be effective unless and until it is so endorsed on the Policy, but upon such endorsement the change will be deemed to have been made as of the date the Insured signed said written notice of change whether the Insured be living at the time of such endorsement or not, but without prejudice to the Company on account of any payment made by it before receipt of such written notice at its Home Office accompanied by this policy for such endorsement by the Company."

Whatever insured's intention may have been, neither the writing nor the policy was forwarded to the insurance company but remained in the possession of the insured until his death without any notice to the company of a change of beneficiary. The insured died on May 16, 1936 and the proceeds of the policy amounting to $2,018.37 was paid to his administratrix. About a year later, the appellant, Stella Cook, sister of the decedent, made claim to the whole of that fund. In the meantime the administratrix had paid the debts of the decedent and the expenses of burial out of the fund,

leaving a balance in her hands of but $185.46, though no account of her administration of the estate has been filed.

The mere signing of the paper, designating Stella Cook the new beneficiary, did not constitute a gift of the policy to her, and the paper is not testamentary in character. Therefore appellant can claim only as beneficiary under the policy and to establish her status as such, the burden was upon her of proving that decedent designated her the beneficiary of the policy *in the manner prescribed by the terms of the insurance contract.* "The holder of a policy of life insurance who desires to change the beneficiary can do so only in accordance with the terms of the policy": *Shoemaker v. Sun L. Ins. Co.* 101 Pa. Superior Ct. 278. "Policies authorizing a change of beneficiary usually specify the mode of effecting the change, as by filing a written notice or request, accompanied by the policy, at the home office of the company, and the endorsement of the change on the policy by the company. In order to effect a change of beneficiary the mode prescribed by the policy must be followed": *Sproat v. Travelers Ins. Co.,* 289 Pa. 351, 137 A. 621; *Herrod v. Kimbrough,* 83 Pa. Superior Ct. 238; *Kress v. Kress,* 75 Pa. Superior Ct. 404. The designation of a new beneficiary on the death of the one named in the policy, must be made in the manner directed by the policy.

There is a well defined exception to the above general rule, which gives effect to the intention of the insured to change the named beneficiary in a policy without strict compliance with its terms, where the insured has done everything he could do to make the change, even though the new beneficiary has not been designated in the manner prescribed by the policy: *Riley v. Wirth,* 313 Pa. 362, 169 A. 139; *Gannon v. Gannon,* 88 Pa. Superior Ct. 239. But the facts in this case do not bring it within the exception to the rule. It may be true that decedent relied upon the agent to forward the written

designation of beneficiary together with the policy to the insurance company but when the agent left Fornera's house without taking these papers with him it would have been a simple matter for the insured, himself, either to have forwarded them to the insurance company or to have redelivered them to the agent for that purpose. Instead, he put the policy and the executed change of beneficiary in his trunk where it was not found until after his death and no notice of any kind, of the intended change, was given to the insurer in the meantime. From his failure to complete the substitution of beneficiary by giving notice to the company, the inference is not unreasonable that the insured had not come to the fully formed intention of making the insurance payable to his sister to the exclusion of his creditors. On any view, since insured had notice, in the company's form which he executed as well as from the policy itself, of what was required of him by his contract in changing the beneficiary, the fact that he did not forward the new designation of beneficiary and the policy to the company, or to its agent for that purpose, is a bar to the claim of appellant. The insured did not do all that he could do to comply with the provisions of the policy nor did he make a reasonable effort in that respect.

Decree affirmed.