## Coleman Appeal

*Nissley, Cleckner & Fearen,* for appellant.
*Raymond Kleinman,* for Commonwealth.
*Norman M. Yoffee,* for intervenor.

SHELLEY, J., December 16, 1963.—This is an appeal from the adjudication of the Public School Employes' Retirement Board of the Commonwealth of Pennsylvania (hereinafter referred to as the board), by which adjudication the board refused to honor the nomination of Mabel S. Coleman, appellant (hereinafter referred to as the complainant), as the person to receive the accumulated deductions of Catherine R. Coleman (hereinafter referred to as the contributor), who died before she was eligible for retirement.

The appeal is provided for by the Administrative Agency Law of June 4, 1945, P. L. 1388, 71 PS §1710.1, et seq., as amended, and Pennsylvania Rules of Civil Procedure Numbers 1 through 13.

Virginia B. Darnell (hereinafter referred to as the intervenor), pursuant to consent of complainant and the board, was allowed to intervene.

The contributor was for some years a teacher in the Pennsylvania public school system. She died on February 7, 1961. At the time of her death she had accumulated deductions in the Public School Employes' Retirement Fund of Pennsylvania in the amount of $3,369.78.

On November 12, 1945, contributor executed a designation of beneficiary form in which she named the intervenor as beneficiary of this fund. This form was signed by contributor in the presence of two witnesses and has been on file with the board since November 14, 1945. There is no claim that this form was defective.

On July 9, 1957, contributor signed a similar form for a change of her beneficiary. On this form complainant was named as the number 1 beneficiary. There were no witnesses to the contributor's signature on this designation of beneficiary form, although spaces and directions were provided therefor, and it was never filed by contributor with the board. This change of beneficiary form was found among contributor's effects after her death.

Article IV, sec. 406 (3), of the Public School Employes' Retirement Code of June 1, 1959, P. L. 350, as amended, 24 PS §3406 (3), provides:

"Should a contributor who is not eligible for retirement . . . die before retirement, his accumulated deductions shall be paid to his estate or to such person as he shall have nominated by written designation duly executed and filed with the retirment board."

The question before the board was whether it should recognize the designation of beneficiary form dated November 12, 1945, wherein the intervenor was named as beneficiary, or the designation of beneficiary form dated July 9, 1957, wherein complainant was named as beneficiary number 1 and Dorothy Sheaffer as beneficiary number 2.

At the hearing the board offered in evidence three exhibits. Exhibit number 1 was a designation of beneficiary form dated November 12, 1945, wherein Virginia B. Darnell was the beneficiary; exhibit number 2 was a photostat of designation of beneficiary form dated July 9, 1957, wherein complainant was named number 1 beneficiary and Dorothy Sheaffer was number 2 beneficiary; and exhibit number 3 was a letter dated July 9, 1957, from the contributor to the board wherein she made some inquiry as to her status with the board.

Complainant and one other witness, the aforesaid Dorothy Sheaffer, testified on behalf of complainant.

Complaint offered five exhibits. Exhibit number 1 was a photostat of a copy of the original of a letter dated July 19, 1957, from the board to the contributor answering the inquiry contained in her letter to the board of July 9, 1957, referred to above as board's exhibit number 3; exhibit number 2 was a photograph showing a rather littered and disorganized room; exhibit number 3 was another view of the same room; exhibit number 4 was a photograph of a vacant room containing cupboards and counter tops; and exhibit number 5 was the original of the designation of beneficiary dated July 9, 1957, wherein complainant was the first beneficiary and Dorothy Sheaffer the second.[1]

---

[1] This exhibit is the original of the board's exhibit number 2.

Complainant testified that she was the mother of contributor and generally as to the history of contributor's employment prior to her death. She also testified as to contributor's apparent cause of death. She said that her husband, father of contributor, was in good health at the time the intervenor was designated as beneficiary by contributor, but that he became ill in 1955, and had to retire, thus causing his income to be reduced. She further testified that while at contributor's bedside, a supervising principal told her that she would be receiving the contributor's retirement.[2]

Dorothy Sheaffer testified that she has shared living quarters with contributor continuously from 1955 to the date of contributor's death. She identified complainant's exhibit number 1 referred to above. She also testified that contributor had discussed with her the mother's financial situation and the financial security of the intervenor and that contributor "wanted to change the beneficiary on her retirement to her mother." She also said she was present when contributor filled out complainant's exhibit number 5, at which time there was a discussion to the effect that she, Dorothy Sheaffer could not become a witness on the exhibit because she was named therein as "beneficiary number 2."

She testified further that at the time of contributor's death she found complainant's exhibit number 5 among contributor's effects in a folder marked "things to do." She likewise identified contributor's signature on complainant's exhibit number 5.

After reviewing the testimony presented, the board made the following conclusions of law:

---

[2] There was no objection raised to this statement or any testimony to the effect that it was heard by the contributor. No objection was raised as to competency of the testimony offered on behalf of the complainant either as to the hearsay or "dead man's" rule.

"1. Section 406(3) of the School Employes' Retirement Code of 1959 specifically requires that the accumulated deductions of a member shall be paid 'to such person as he shall have nominated by written designation, duly executed and filed with the retirement board'.

"2. In the instant case, Designation of Beneficiary form dated July 9, 1957 found among the decedent's effects subsequent to her death was never duly executed because it was never acknowledged before two witnesss, nor was it filed with the Retirement Board, as required by the Code."

To these conclusions complainant filed exceptions based on the following reasons:

"1. By failing to find that the beneficiary form dated July 9, 1957, found among the decedent's effects was a duly executed document clearly evidencing the intent of the decedent and which would satisfy the requirements of section 406(3) of the School Employes' Retirement Code of 1959.

"2. By failing to find that Mabel S. Coleman was the properly designated beneficiary of the decedent."

Complainant contends that if there are any defects in complainant's exhibit number 5, it is one of mechanics and not one of substance.

There appears to be no case law interpreting section 406(3) of the Act of 1959, supra, so that the matter becomes one of first impression as to: When did the legislature intend that the "written designation" of the person nominated by a contributor to the Public School Employes' Retirement Fund to receive contributor's accumulated deductions in the event contributor would die before he would be eligible for retirement under section 406(3) of the Act of 1959, supra, was to be filed with the board.

The Statutory Construction Act of May 28, 1937,

P. L. 1019, prescribes rules for the interpretation of statutes. Article III, sec. 33, 46 PS §533, provides:

"Words and phrases shall be construed according to rules of grammar and according to their common and approved usage, but technical words and phrases and such others as have acquired a peculiar and appropriate meaning or are defined in this act, shall be construed according to such peculiar and appropriate meaning or definition.

"General words shall be construed to take their meanings and be restricted by preceding particular words."

See Pennsylvania Insurance Department v. Philadelphia, 196 Pa. Superior Ct. 221 (1961).

Under this rule of statutory construction the word *he* in section 406(3), supra, is applicable to the remainder of the section. In other words *he* (contributor) must nominate by a written designation, *he* (contributor) must duly execute the written designation and *he* (contributor) must file the written designation with the board. (Italics supplied.)

Contributor was put on notice of this requirement when she executed the beneficiary designation dated November 12, 1945, whereon the following statement appears:

"Should I, at some future time, decide to have my accumulated deductions paid to some one other than the person named above I will make such change in writing upon form adopted by the board and file the same with the Board promptly and it is my understanding that unless such change in beneficiary is filed with the Board it shall be void and of no effect.

"Should the beneficiary above named die before me, and I fail to name another, it is understood that my accumulated deductions will be refunded to my estate." The same statement appears on the beneficiary designation dated July 9, 1957.

Any number of cogent reasons can be advanced to demonstrate the logic of the proposition that the filing be required within the lifetime of the contributor. It is a means of preventing fraud. A contributor can always know, by inquiry to the board, the name of his beneficiary. If it is incorrect, it can be changed. But a contributor cannot insure against the possibility that after his death someone will forge a designation of beneficiary, or that a would-be beneficiary will find an executed form in his favor, which was discarded by contributor, but which is found and filed; or still, that an unscrupulous friend or relative would, by fraudulent means, obtain the signature to the form and hold it until death effectively bars the revelation of contributor's true intention. In addition, simple defects in the form can be corrected or cleared up during life; e.g., the illegibility of handwriting. Perhaps, most important of all, the board, and any other interested party, will unerringly know, immediately upon the death of contributor, the identity of beneficiary. The interpretation of the statute urged by complainant would keep this matter in doubt for an indefinite period, allowing persevering relatives or friends, each believing himself to be the true object of contributor's bounty with respect to this fund, to justify their continuing efforts in rummaging through contributor's effects, hoping to find the latest change of beneficiary form.

Complainant would reject the idea that the statute requires the filing of the form within contributor's lifetime. Complainant further insists that the board has no authority to require filing in that manner. To accept complainant's view would force the conclusion that the legislature did not intend to provide for any cut-off date for the filing of these beneficiary forms. Such a conclusion would not only be in derogation of the plain words of the statutory language but would

also be contrary to the policy consideration as hereinbefore set forth.

We held in Ogden v. Public School Employes' Retirement Board, 77 Dauph. 259 (1961), also reported in 27 D. & C. 2d 151, and affirmed per curiam in 198 Pa. Superior Ct. 174, that retirement systems create contracts between the Commonwealth and the employes who are members of the system. Where there is a substantive statutory provision requiring, as in this case, the election of contributor's beneficiary in the event of death before contributor becomes eligible for retirement, such statutory provision cannot be disregarded, it cannot be waived and must be fully complied with: Breckline v. Metropolitan Life Insurance Company, 406 Pa. 573 (1962).

The requirement of section 406(3) of the Act of 1959, supra, is analogous to provisions relative to beneficiaries named in contracts of life insurance.

The general rule of law is that the mode prescribed by an insurance policy for a change of beneficiary must be strictly and exactly followed. Insurance companies usually prescribe the form, type of notice to be given and the method of filing the notice and notifying the company. All of these prerequisites must be carried out in the manner directed by the policy: Sproat v. Travelers Insurance Co., 289 Pa. 351 (1927); Shoemaker v. Sun Life Insurance Co. of America, 101 Pa. Superior Ct. 278 (1930); Fornera's Estate, 139 Pa. Superior Ct. 252 (1939).

There is one exception to the above rule. The insured can be excused from the exact compliance with one of the requisites in the change of beneficiary process if it can be shown that he did everything in his power to make the change and had done everything under the circumstances reasonably possible to comply with the policy terms: Cody v. Metropolitan Life Insurance Company, 334 Pa. 137 (1939). However, in Fornera's

Estate, supra, the court held that the insured did not do everything in his power to bring the case within the exception. In that case, the policy required endorsement by the company on the policy of the change of beneficiary, but the insured merely stored the papers away in a trunk when, as the court said, on page 256:

". . . it would have been a simple matter for the insured, himself, either to have forwarded them to the insurance company or to have redelivered them to the agent for that purpose . . . no notice of any kind, of the intended change, was given to the insurer in the meantime."

In the Sproat case, supra, dealing with a requirement for a similar endorsement by the insurance company, the court reached the same result. In holding the change of beneficiary ineffective, the court stated, at page 355:

"He was alive and capable of doing business for six months after receiving the blanks and that he took no step during that time to complete the change rendered imperative the conclusion of the trial court that he had not done all he reasonably could to complete the transfer."

In the case at bar, the record discloses no reason, excuse or justification for the failure of contributor to properly file the form in her lifetime. She did not do everything in her power, everything that could reasonably be expected of her, to complete and file the change of beneficiary form. She not only lived for a period of about three and one-half years after signing the form but there is no evidence that she was even bedridden, disabled or incapacitated for any significant time in that interval or that any other factor, mental or otherwise, was present which would excuse the omission.

The testimony in the record discloses that the contributor knew about the required filing, had over three and a half years within which to change beneficiaries

and had no physical or other barriers tending in the least to impede her from accomplishing the job. We must give effect, therefore, to the conclusion that contributor's failure to file the form was purposeful and that it was not the contributor's intent to designate the complainant as the person to receive her accumulated deductions.

We have reviewed carefully the entire record in this case and are of the opinion that the board acted properly in honoring the designation of beneficiary form dated November 12, 1945, naming Virginia B. Darnell as beneficiary of the accumulated deductions of the contributor, Catherine R. Coleman, in the Public School Employes' Retirement Fund, and accordingly must overrule the complainant's exceptions and affirm the adjudication of the board. We therefore make the following

<em>Order</em>

And now, December 16, 1963, the appeal of Mabel S. Coleman is dismissed at her cost and the adjudication of the Public School Employes' Retirement Board is affirmed.