Suzanne M. Hess, Petitioner *v.* Commonwealth of Pennsylvania, Public School Employes' Retirement Board, Respondent.

Argued February 3, 1983, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Bruce E. Cooper,* for petitioner.

*Nicholas J. Marcucci,* with him *Marsha V. Mills,* Assistant Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, June 10, 1983:

Before this Court is an appeal by Suzanne M. Hess (Petitioner) from a decision and order of the Public School Employes' Retirement Board (Board) denying her the benefits of Fred R. Hess' Employes' Annuity Savings Account and awarding said benefits to Fred E. Hess. We affirm.

In 1969, Fred R. Hess, a teacher, filed for retirement benefits under the Public School Employes' Retirement System, naming as beneficiary and alternate beneficiary respectively, Fred E. and Lenna Hess, his parents. Fred R. Hess married Petitioner in 1971 and they subsequently had two children. In 1980, Fred R. Hess accidently drowned. Petitioner, as named beneficiary of his Teacher's Union Insurance Policy received $15,000. She was not, however, awarded his retirement benefits because the deceased, despite numerous oral representations that he intended to change the beneficiaries on his filed retirement forms, thus insuring sufficient funds to care for his wife and children, never did so. The retirement benefits were instead designated for payment to Fred R. Hess'

father as named beneficiary. Petitioner challenged this disbursement of the retirement funds. Following a hearing, the Board denied this challenge and ordered that the benefits be paid to Fred E. Hess. The appeal to this Court followed in which Petitioner asserts that, as Fred E. Hess has no demonstrable financial need, and since it was clear her husband intended that she be the beneficiary and that it is only through an oversight that she is not, the decision of the Board should be reversed.

While sympathetic to Petitioner's apparent plight, this Court must reject her appeal. The forms Fred R. Hess signed clearly indicated that any change in his beneficiaries must be made in writing to the Board. Similarly, the laws in effect both at the time he executed his form,[1] and now,[2] both require that the beneficiary of retirement benefits be the person whose name is last filed as such *in writing* to the Board. Finally, in *Coleman Appeal*, 33 Pa. D. & C.2d 191 (1963), the Dauphin County Court of Common Pleas, then functioning as the Commonwealth Court, ruled that a duly executed retirement beneficiaries form, as we have in the case at bar, cannot be superseded by a signed but unwitnessed form which was not filed with the Board. That court held that this was especially so where it was clear that the contributor was aware of this requirement and had three and one-half years to make the change. In the case *sub judice*, the deceased must be charged with knowledge of the requirements of the law as they were plainly stated on the

---

[1] *See* Sections 404 and 406 of the Public School Employees' Retirement Code of 1959, Act of June 1, 1959, P.L. 350, *as amended*, 24 P.S. §§3404 and 3406, repealed by Section 2 of the Public School Employees' Retirement Code, Act of October 2, 1975, P.L. 298, *as amended.*

[2] *See* Sections 8102, 8309 and 8347 of the Public School Employees' Retirement Code, 24 Pa. C. S. §§8102, 8309 and 8347.

form he signed. He nonetheless failed to make the necessary change despite having eight years to do so.

Accordingly, as the financial status of the named beneficiaries is plainly irrelevant, we must affirm the decision of the Board.

### ORDER

Now, June 10, 1983, the decision and order of the Public School Employes' Retirement Board in the above captioned matter, dated December 8, 1981 is hereby affirmed.