Carole LOWING, Petitioner

v.

PUBLIC SCHOOL EMPLOYES'
RETIREMENT BOARD,
Respondent.

Commonwealth Court of Pennsylvania.

Argued May 15, 2000.
June 11, 2001.

Gerald S. Berkowitz, Malvern, for petitioner.

David W. Speck, Harrisburg, for respondent.

Robert F. Ruehl, Doylestown, for intervenor, Cherie A. Wilson.

Before DOYLE, President Judge, FRIEDMAN, Judge, and McCLOSKEY, Senior Judge.

DOYLE, President Judge.

Carole Lowing (Petitioner) petitions for review of an order of the Public School Employes' Retirement Board (Board) which denied her request to be paid the death benefit from the account of her deceased ex-husband Robert D. Lowing (Decedent).

The relevant facts of this case are not in dispute. Decedent was employed by the Bensalem Township School District from November 1975 until his death on October 23, 1998. On March 2, 1976, Decedent designated Petitioner, his wife at the time, as the beneficiary of his retirement account. In 1992, Decedent and Petitioner divorced and, on September 4, 1992, Decedent filed a second nomination of beneficiaries form naming Cherie A. Wilson (Intervenor) as the beneficiary of his retirement account. The 1992 beneficiary form was witnessed by the school district secretary, Alma G. Dallas, and Intervenor, the new named beneficiary.

On November 13, 1998, following Decedent's death, Petitioner filed a claim for entitlement to Decedent's death benefit. On December 3, 1998, the Public School Employes' Retirement System (PSERS) notified Intervenor that she had been designated as the sole beneficiary of Decedent's death benefit pursuant to the 1992 nomination of beneficiary form. Petitioner then appealed the decision of PSERS to pay Intervenor the death benefit, and an administrative hearing was conducted before a hearing examiner, who, on August 23, 1999, recommended that Decedent's death benefit be paid to Intervenor. On November 3, 1999, on appeal, the Board issued an order again denying Petitioner's claim for Decedent's death benefits. This appeal followed.[1]

We are called upon to address the issue of whether the instructions on a PSERS' nomination of beneficiary form must be strictly followed in order to effectuate a valid beneficiary designation for a member's PSERS retirement account. It is Petitioner's position that, because Decedent failed to exactly follow the instructions on his 1992 nomination of beneficiary form, that form is void, and his death benefit should revert to her.

The language on the PSERS nomination of beneficiary form provides the following, in pertinent part:

**Section D—Certification**

*All items in this section must be completed.*

(1) Sign and date the form in the space provided.

(2) Two witnesses are required to sign the form. They are attesting that you, in fact, are the person signing the form. **A named beneficiary may not be a witness.** The witnesses must include their complete address.

(Reproduced Record (R.R.), p. 266, back side). Here, Decedent's 1992 nomination of beneficiary form indeed had two witnesses, but one of the witnesses was the Intervenor, the named beneficiary, which, according to the form's instructions, is not permitted.

---

1. Our standard of review is limited to determining whether an error of law was committed, whether there is substantial evidence to support necessary findings of fact, or whether constitutional rights have been violated. *Kirsop v. Public School Employes' Retirement Board,* 747 A.2d 966 (Pa.Cmwlth.2000).

■ Petitioner essentially argues that the Board has a statutory mandate to adopt and promulgate rules and regulations for the uniform administration of the retirement system; as part of that mandate, the Board promulgated a regulation establishing a form that would be used for the nomination of a beneficiary; and that the Board must strictly follow the procedures in that form once it has been established. Petitioner also argues that the Board improperly delved into the intent of the Decedent in deciding that the death benefit should be paid to Intervenor.

Section 8507(e) of the Public School Employes' Retirement Code (Retirement Code) provides, in pertinent part:

> (e) **Beneficiary for death benefits.**— Every member shall nominate a beneficiary by *written designation filed with the board* to receive the death benefit or the benefit payable under the provisions of Option 1. Such nomination *may be changed* at any time by the member *by written designation filed with the board.*

24 Pa.C.S. § 8507(e) (emphasis added). The Board thereafter enacted certain implementing regulations to carry out its mandate with respect to the process by which beneficiaries would be nominated. The relevant regulation in effect in 1992 provided as follows:

> **Beneficiary**—The person or persons last designated by a member in writing to the Board *on forms it supplies*, to receive his accumulated deductions or a lump sum benefit upon his death.

(Board Opinion, p. 8) (citing 4 Pa.Code § 211.2 (prior to 1998 amendments).) (Emphasis added.) We note that there is nothing in the Retirement Code or its implementing regulations that suggests that the nomination of beneficiary form must be witnessed at all. The regulations merely provide that the Board **must supply its own form;** the regulations do not regulate the contents of the form.

Petitioner maintains, however, that the instructions on the nomination of beneficiary form operates as the Board's "Statement of Policy," pursuant to the Commonwealth Documents Law,[2] and, therefore, the Board is required to strictly follow its own procedure and statement of policy. We disagree.

■ Administrative agencies often devise rules or regulations, some of which create a controlling standard of conduct, while some do not. In order for an agency "to establish a substantive rule [thereby] creating a controlling standard of conduct, it must comply with the provisions of the Commonwealth Documents Law."[3] *Borough of Pottstown v. Pennsylvania Municipal Retirement Board,* 551 Pa. 605, 609, 712 A.2d 741, 743 (1998). These "substantive regulations ... when properly enacted under the Commonwealth Documents Law, have the force of law." *Id.,* 551 Pa. at 610, 712 A.2d at 743. Agencies also devise rules, known as "interpretive rules," which do not establish a binding standard of conduct. These interpretive

**2.** Act of July 31, 1968, P.L. 769, *as amended,* 45 P.S. §§ 1102–1602. Section 102 of the Commonwealth Documents Law, 45 P.S. § 1102(13), provides:

> "**Statement of Policy**" means any document, except an adjudication or a regulation, promulgated by an agency which sets forth substantive or procedural personal or property rights, privileges, immunities, duties, liabilities or obligations of the public

or any part thereof, and includes, without limiting the generality of the foregoing, any document interpreting or implementing any act of Assembly enforced or administered by such agency.

**3.** These provisions include formal procedures for notice, comment and promulgation in connection with the making of regulations which establish new law, rights or duties.

rules "need not be promulgated in accordance with the Commonwealth Documents Law." *Id.* For an interpretive rule to be viable, however, it "must genuinely track the meaning of the underlying statute, rather than establish an extrinsic substantive standard." *Id.; see also Philadelphia Suburban Corp. v. Com., Board of Finance and Revenue,* 535 Pa. 298, 635 A.2d 116 (1993).

In this case, Petitioner argues that PSERS is bound by the beneficiary form *instructions* because it falls within the definition of "statement of policy" pursuant to the Commonwealth Documents Law. However, it is clear that the instructions contained on the form were not promulgated in accordance with the Commonwealth Documents Law and, thus, cannot be a binding legislative regulation. Thus, Petitioner's argument in this regard is unavailing. Moreover, as the Board concedes, the instructions do not track any portion of the underlying statute, but, instead, merely establish a standard, or guide, not contained in the Retirement Code. As a result, the instructions do not qualify as an interpretation of the underlying statute that must be upheld. Rather, the Board merely generated a form used to identify beneficiaries of members' retirement accounts pursuant to its statutory mandate. The regulation provides that the Board supply its own form but **does not** specify the content of the form. Therefore, the instructions on the form are a framework, or a mere guide, for the Board to utilize in ensuring that the member's intent is carried out, rather than a mandatory regulation that must be strictly followed.

Even though the Board's guidelines on the form indicate that two witnesses were required and a beneficiary could not be a witness, the Board found, and the record establishes, that the policy and practice in effect in 1992 was as follows: PSERS would check whether (1) the percentages allocated to more than one beneficiary added up to 100 percent; (2) complete beneficiary names were included; (3) social security numbers or date of births and the beneficiary's addresses were on the form; and (4) **there was at least one witness who was not a beneficiary.** (Notes of Testimony (N.T.) dated April 21, 1999, at 116–17; R.R. at 201–02.)

Although nothing in the Retirement Code specifically compels the Board to require any witnesses on the beneficiary form, we recognize that, by providing for witness signatures on the beneficiary form, the Board is attempting to ensure the authenticity of the member's signature for purposes of preventing forgery or fraud. This, we believe, can be accomplished pursuant to PSERS' policy of accepting forms that contain at least one witness signature that is not a beneficiary. Here, Decedent's nomination of beneficiary form was properly witnessed by Alma Dallas, a school district secretary, who was not a beneficiary. Therefore, the Board's desire to prevent a fraudulent signature was met.

Petitioner directs our attention to *Appeal of Coleman,* 33 Pa. D & C.2d 191, 1963 WL 8453 (1963), to support her position that the instructions on the PSERS nomination of beneficiary form must be strictly followed. Petitioner's reliance on this case is misplaced. *Coleman* involved a contested PSERS benefit based on two competing beneficiary forms, one of which was filed with PSERS in 1945 and was signed by two witnesses, while the other was completed in 1957, was not signed by any witness, and **was never filed with PSERS.** Petitioner argues that the Court of Common Pleas of Dauphin County, which was acting in the capacity of the yet-to-be-created Commonwealth Court, upheld the 1945 beneficiary form because the 1957 form was not witnessed. A close

reading of *Coleman*, however, does not support this position. Rather, the court upheld the 1945 form because the Retirement Code required that the nomination of beneficiary form be **filed** with PSERS, and the 1957 form was never filed. The court did make reference to the fact that the 1957 form was not witnessed, but did not hinge its decision on this fact. In the present case, Decedent's 1992 beneficiary form **was** filed with PSERS, and did contain all of the information required by PSERS in 1992, as outlined above. Therefore, *Coleman* has no effect on the outcome of this case.[4]

Petitioner, relying on *Rosenstein v. Public School Employees' Retirement System*, 685 A.2d 624 (Pa.Cmwlth.1996), argues, in addition, that the relationship between PSERS and its participants is contractual in nature. Petitioner maintains that PSERS specified the method of acceptance by publishing the instructions on the beneficiary form, and that this method of acceptance must be strictly followed. While it is true that, under contract law, a party's acceptance must mirror the terms of the offer, otherwise it is construed as a counteroffer, *Hedden v. Lupinsky*, 405 Pa. 609, 176 A.2d 406 (1962), this fundamental principle is not applicable to this case.

First, in *Rosenstein*, this Court merely stated that "[w]hen an employee retires and elects an option for retirement benefits, he or she enters into a contract with a retirement board." *Id.* at 626. That case does not even consider the procedure by which an employee elects a beneficiary to his or her retirement account. Second, the nomination of beneficiary form is not an offer to enter into a contractual relationship in the traditional sense, but is merely a way in which to elect a beneficiary. PSERS is entitled to accept the form even if it contains less than what the form purports to require, especially if it is PSERS' policy and practice to do so.

Given that the instructions on the PSERS beneficiary form do not constitute legislative regulations or interpretive rules, and are thus not mandatory provisions, and are even counter to the Board's actual procedures and policy in place in 1992, whereby PSERS accepted a Decedent's beneficiary form even when it was signed by only one non-beneficiary witness, the 1992 beneficiary form which nominated Intervenor as the beneficiary of Decedent's retirement benefits is valid.

Accordingly, the order of the Board is affirmed.[5]

## ORDER

**NOW**, June 11, 2001, the order of the Public School Employes' Retirement Board in the above-captioned matter is hereby affirmed.

---

4. Petitioner also cites *Hess v. Public School Employes' Retirement Board*, 75 Pa.Cmwlth. 25, 460 A.2d 1231 (1983), for the proposition that the instructions on the beneficiary form must be followed. There, the decedent signed a change of beneficiary form but **did not file it with the Board.** It is true that the instructions on the form indicate that it must be filed with the Board; indeed, that is a mandatory requirement because the Retirement Code specifically mandates such a filing. However,

in no way does the Retirement Code require a specific number of witnesses; therefore, that part of the form's instructions are not mandatory.

5. Due to the disposition of this case, we need not address Petitioner's argument that the Board improperly delved into the intent of Decedent, as Decedent's intent is irrelevant to our determination.