**Sandra JONES, Petitioner,**

v.

**STATE EMPLOYEES' RETIREMENT BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 23, 2003.

Decided July 23, 2003.

Reconsideration Denied Sept. 9, 2003.

Sandra Jones, petitioner, pro se.

Brian E. McDonough and M. Catherine Nolan, Harrisburg, for respondent.

Anne S. Maxwell, Philadelphia, for intervenor, Sarah E. Jones.

BEFORE: SMITH–RIBNER, Judge, LEAVITT, Judge, MIRARCHI, Senior Judge.

OPINION BY Judge LEAVITT.

Sandra Jones (Claimant) petitions for review of an adjudication of the State Employees' Retirement Board (Board) denying her request to have her children named beneficiaries of their deceased father's retirement plan.

Eugene Jones, Jr. (Decedent) became a member of the State Employees' Retirement System (SERS) on September 13, 1976 upon his employment by the Department of Education.[1] When he enrolled in SERS, Decedent completed a form that nominated his wife, Sarah Elizabeth Jones, the principal beneficiary of his SERS retirement account and their children, Dwayne Eugene Jones and Jocelyn Beth Jones, as contingent beneficiaries. Decedent never amended that nomination.[2]

1. In 1983, the Pennsylvania State System of Higher Education became his employer.

2. SERS members are not required to renew their forms but can update their forms at any

In December 1993, Decedent began a relationship with Claimant. He and Claimant had two children together, Eugena R. Jones and Eugene Jones, III. Despite his relationship with Claimant, Decedent remained married and resided with his wife, Sarah Jones, until his death on July 8, 2001.

On July 18, 2001, Claimant, as guardian for Eugene R. Jones and Eugene Jones III, filed a petition with this Court seeking to enjoin SERS from distributing Decedent's account in accordance with the nomination of beneficiaries form that he executed in 1983.[3] On August 14, 2001, this Court issued a preliminary injunction that, *inter alia,* directed SERS not to disburse the contested funds during the pendency of an administrative hearing to determine the appropriate beneficiaries.

After hearing evidence on the matter, on August 30, 2002, the hearing examiner issued an order recommending that Claimant's claim be denied because Claimant failed to establish a legal basis to disregard Decedent's nomination of beneficiaries. Claimant filed exceptions to this recommendation, and on January 13, 2002, the Board issued an adjudication adopting the hearing examiner's recommendation. Claimant, *pro se,* petitioned for this Court's review.[4]

On appeal, Claimant contends that the Board erred. She contends that the form by which Decedent nominated beneficiaries of his retirement benefits should be

modified to include her children because conditions have changed since 1983 when the form was executed. Claimant contends that equity requires that her children be named beneficiaries since they depended upon Decedent for financial support.[5]

The State Employees' Retirement Code (Retirement Code), 71 Pa.C.S. §§ 5101–5955.1, establishes the procedures by which a SERS member nominates his beneficiary. Section 5907(e) of the Retirement Code provides,

> **(e) Beneficiary for death benefits.—** *Every member shall nominate a beneficiary by written designation filed with the board* as provided in section 5906(d) or (e) (relating to duties of heads of departments) to receive the death benefit payable under section 5707 (relating to death benefits) or the benefit payable under the provisions of Option 1 of section 5705(a)(1) (relating to member's options). *Such nomination may be changed at any time by the member by written designation filed with the board.* A member may also nominate a contingent beneficiary or beneficiaries to receive the death benefit provided under section 5707 or the benefit payable under the provisions of Option 1 of section 5705(a)(1).

71 Pa.C.S. § 5907(e)(emphasis added). The Retirement Code defines the beneficiary as "[t]he person or persons *last designated in writing to the board by a mem-*

---

time. SERS reminds members to update their forms by placing reminders in their paychecks; sending them information bulletins; and by annually sending them statements listing their principal beneficiaries. Notes of Testimony, 38 (N.T. ——).

**3.** The case was docketed as No. 368 M.D. 2001.

**4.** Our scope of review is limited to determining whether there was a violation of constitutional rights or an error of law, and whether any finding of fact is unsupported by substantial evidence. *Wingert v. State Employes' Retirement Board,* 138 Pa.Cmwlth. 43, 589 A.2d 269, 271 (1991).

**5.** Decedent paid child support and purchased medical insurance for Claimant's two children pursuant to court order. N.T. 17–19.

ber to receive his accumulated deductions or a lump sum benefit upon the death of such member." 71 Pa.C.S. § 5102 (emphasis added). The Board must distribute the benefits to the beneficiary designated in writing. 71 Pa.C.S. § 5905(g).[6]

■ Here, Decedent completed a nomination of beneficiaries form in writing on September 13, 1976, that listed his wife, Sarah Jones, as the principal beneficiary and Dwayne Eugene Jones and Jocelyn Beth Jones as contingent beneficiaries of his retirement account. SERS Exhibit 2. This was the first and last written designation made by Decedent to the Board. Thus, the Board was required to find that Sarah Jones is the beneficiary of Decedent's SERS account and that Dwayne Eugene Jones and Jocelyn Beth Jones are the contingent beneficiaries.

Claimant argues that the Retirement Code should be construed to allow the modification of the form because Claimant's children were born twenty years after Decedent filled out the form,[7] and the Retirement Code contains no provisions for afterborn children.[8] Because Claimant's children relied on Decedent for financial support,[9] a modification to Decedent's last written designation of benefited should be ordered.

■ The Retirement Code cannot be revised by the courts to achieve equitable results. The member's written nomination controls no matter how seemingly harsh the result. *See Hess v. Public School Employes' Retirement Board,* 75 Pa.Cmwlth. 25, 460 A.2d 1231 (1983)(denied widow's challenge that her deceased husband intended her and their children to receive benefits when he nominated his father the beneficiary on his retirement form); *Titler v. State Employees' Retirement Board,* 768 A.2d 899 (Pa.Cmwlth.2001)(denied estranged wife's challenge that she was enti-

6. It states:
   (g) **Death benefits.**—Upon receipt of notification from the head of a department of the death of an active member or a member on leave without pay, *the board shall advise the designated beneficiary of the benefits to which he is entitled, and shall make the first payment to the beneficiary within 60 days of receipt of certification of death and other necessary data.* If no beneficiary designation is in effect at the date of the member's death or no notice has been filed with the board to pay the amount of the benefits to the member's estate, the board is authorized to pay the benefits to the executor, administrator, surviving spouse or next of kin of the deceased member, and payment pursuant hereto shall fully discharge the fund from any further liability to make payment of such benefits to any other person. If the surviving spouse or next of kin of the deceased member cannot be found for the purpose of paying the benefits for a period of seven years from the date of death of the member, then the benefits shall be escheated to the Commonwealth for the benefit of the fund.
   71 Pa. C.S § 5905(g)(emphasis added).

7. Claimant argues that the Board's refusal to nominate her children as beneficiaries violates the Congressional purpose for the establishment of Pension Trust Funds. However, Claimant did not raise this issue below, therefore we cannot consider it. Pa. R.A.P. 1551(a) ("No question shall be heard or considered by the court which was not raised before the government unit . . .").

8. Claimant argues that the Board should have adopted procedures similar to those provided in the Internal Revenue Code relating to afterborn children, but she does not cite to any specific provision of the Internal Revenue Code in her Brief to support her argument. In any case, the Board cannot adopt policies or regulations that exceed its statutory authority under the Retirement Code.

9. Claimant relies on cases decided by the Supreme Court of North Carolina to support her equity argument; however, those cases do not apply because they involve the laws of trust administration in North Carolina, whereas, here, we are dealing with a statutorily created retirement plan in Pennsylvania.

tled to benefits when a deceased husband changed the beneficiaries on his retirement form to his father and brother after divorce proceedings commenced with this wife).

Were this Court to add Eugena R. Jones and Eugene Jones, III as beneficiaries on the nomination of beneficiaries form,[10] we would act in derogation of the Retirement Code. However, "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b). Here, the plain language of the Retirement Code directs the result reached by the Board. It is for the legislature, not the judiciary, to revise the statute to address the circumstances presented by Claimant and her children.

Accordingly, we affirm the Board's determination.

### ORDER

AND NOW, this 23rd day of July, 2003, the order of the State Employees' Retirement Board dated January 13, 2003, in the above-captioned matter is hereby affirmed.

---

10. Claimant filed with this Court on May 21, 2003, a "Motion to add the Nomination of Beneficiary Form" to this case. This request is denied because the nomination of beneficiary form is already included in the certified record. SERS Exhibit 2.

Claimant also filed "Objections of Sandra Jones on Behalf of Minor Children of the Deceased," with this Court on May 21, 2003. Claimant objects to Intervenor Sarah Jones' Brief stating that it was untimely filed with this Court and not in compliance with the rules. However, Claimant fails to explain how Intervenor's brief is deficient with respect to the rules; thus, we must conclude that the contention is without merit.

Claimant next objects stating that this Court invoked its powers to decide this case in its entirety when Senior Judge Mirarchi issued his order in the case docketed at 368 MD 2001. However, Senior Judge Mirarchi granted an injunction enjoining SERS from payment of the death benefit pending an administrative hearing

Finally, Claimant expresses concern that another case she has pending in Eastern District Court involving a civil rights action will influence the outcome in this case; however, that case is irrelevant to the issues set forth here.