**Ann E. MAGER and Paul R. Mager, Petitioners**

v.

**STATE EMPLOYEES' RETIREMENT BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 3, 2004.

Decided May 11, 2004.

Vincent P. Szeligo, Pittsburgh, for petitioners.

Paul M. Stahlnecker, Harrisburg, for respondent.

Timothy M. Maatta, Monessen, for intervenor, J. Stagon.

BEFORE: COLINS, President Judge, and SIMPSON, Judge (P.), and McCLOSKEY, Senior Judge.

OPINION BY President Judge COLINS.

Ann E. Mager and Paul R. Mager (Petitioners) petition for review of the June 30, 2003 final order of the State Employees' Retirement Board (the Board), denying their request to receive the death benefit of their deceased son, Dwaine P. Mager (Decedent), and directing that said death benefit be paid to the decedent's last named beneficiary and former spouse, Joanne Stagon, formerly Joanne Mager (Intervenor).

The following factual background of the present matter is based upon the Findings of Fact made by the Hearing Examiner for the State Employees' Retirement System (SERS). The Decedent was employed by the Pennsylvania Department of Transportation (PennDot) and became a member of SERS on June 16, 1969. The Decedent was employed by PennDot until August 18, 1995, when he was terminated with a total of 22.6670 years of credited state service. On August 21, 1976, the Decedent and Intervenor were married. This was the Decedent's only marriage, and the couple had no children. On September 26, 1985, the Decedent and Intervenor, by mutual consent, were divorced. No property settlement agreement was prepared in connection with said divorce. In 1980, the Decedent transferred ownership of his

home to his parents, and in 1985, he transferred ownership of a bar to them. On December 5, 1993, the Decedent executed a will naming his parents as his sole heirs.

The Decedent passed away on December 22, 2001. The record indicates that the Decedent suffered from alcoholism both during his employment with PennDot and throughout the period after his termination from PennDot until his death. Having been hospitalized several times for alcoholism, the Decedent had no gainful employment from the time of his termination with PennDot in 1995 until his death. During this period, the Decedent seemed to have relied upon his mother, father, and brother Brian for all his financial and moral support. The Decedent stayed at his parents' home two or three times a week and spent the remainder of his time alone or at his parents' house in the mountains. The record additionally notes that Intervenor never visited the Decedent during his hospitalizations nor did she provide him with any financial assistance.

At the time of Decedent's death in 2001, there were four nomination of beneficiary forms in the Decedent's SERS member file. The nomination of beneficiary forms dated respectively November 4, 1971, and May 3, 1976, named Decedent's father, Paul R. Mager, as principal beneficiary of Decedent's SERS retirement account. By nomination of beneficiary forms dated May 2, 1977, and May 21, 1979, Decedent named his then wife and Intervenor in the present matter, Joanne Stagnon Mager, as principal beneficiary of his SERS retirement account.

After receiving notification of the Decedent's death, SERS, by letter dated April 9, 2002, contacted the Intervenor as the last named beneficiary in Decedent's SERS member file. However, by letter dated April 10, 2002, the Decedent's mother, Petitioner Ann Mager, notified SERS that the Decedent's family was contesting the beneficiary designation of Intervenor on the Decedent's SERS account because Decedent and Intervenor were divorced in 1985 and Decedent had told Petitioner that he had changed his nomination of beneficiary form to make Petitioner his designated beneficiary. The Decedent's SERS member file and his PennDot personnel file were both searched for any other SERS nomination of beneficiary forms filed more recently than the May 21, 1979 form designating Intervenor. However, no other more recent forms were found.

By letter dated April 22, 2002, SERS denied Petitioners' request to change the beneficiary on Decedent's SERS account, stating that Petitioners were not named on the latest beneficiary nomination form in the Decedent's SERS file, which was the May 21, 1979 form naming Intervenor as Decedent's beneficiary. Petitioners appealed the SERS decision and requested an administrative hearing and adjudication by the Board. By letter and petition dated July 2, 2002, Intervenor filed a petition to intervene in the appeal.

After a deposition of the Decedent's one-time supervisor, Stanley Cieslinski, and after an administrative hearing conducted before the Board on September 18, 2002, the Board, by order dated June 30, 2003, denied Petitioners' request and directed that Decedent's death benefit be paid to his last named beneficiary, his former wife. This appeal followed.[1]

---

1. Our standard of review is limited to determining whether an error of law was committed, whether there is substantial evidence to support necessary findings of fact, or whether constitutional rights have been violated. *Lowing v. Public School Employes' Retirement Board,* 776 A.2d 306 (Pa.Cmwlth.2001).

The record indicates that at some time between 1990 and 1993, the Decedent, his brother, Brian Mager, who also worked at PennDot, and the Decedent's supervisor, Stanley Cieslinski, all attended a PennDot meeting called by the personnel office. At this meeting, PennDot employees were directed to review their personnel files, make any necessary changes, delete outdated documents, and express objections to anything incorrect or outdated. Although Cieslinski testified that he was sitting approximately six feet from the Decedent at this meeting and observed the latter completing paper work, he conceded that he did not know whether the Decedent completed a new nomination of beneficiary form. Further, although the Decedent's brother, Brian Mager, testified that he himself completed a new nomination of beneficiary form and observed the Decedent complete one as well, they never received their member copies of said forms and their SERS file did not contain them. It is significant that no documents, forms or other writings allegedly completed at this PennDot meeting were produced into evidence either during Cieslinski's deposition or during the administrative hearing. It is also noteworthy that two individuals from PennDot who customarily handle nomination of beneficiary forms, Dave Bayshore from the PennDot personnel office and Betty Dunbar (a PennDot employee who customarily would have attended this type of meeting), were never asked to testify at the hearing.

The record additionally indicates that the SERS website sets forth the current procedures for earning and applying for benefits, and states that Pennsylvania law does not permit death benefits to be paid to a former spouse unless that spouse provides SERS with a copy of a court order or the member re-elects the former spouse as a beneficiary after the divorce.[2] It is further indicated that the SERS website also provides a disclaimer, which states that the website is "not a complete statement of the laws or SERS administrative rules" and that website statements are not binding upon SERS. Although Petitioners point to this website statement as bolstering their contention that the Decedent replaced his 1979 nomination of beneficiary form designating his ex-wife as beneficiary, with a more recent one designating Petitioners as beneficiary, there is no indication in the record whether the aforementioned statements appeared on the website before the Decedent's death or that he read it.

During the hearing before the Board, Linda Miller, director of the Benefits Determination Division for SERS, testified as

2. Effective December 16, 1992, the Pennsylvania Probate, Estates and Fiduciaries Code was amended, inter alia, by the addition thereto of section 21 of Act No. 152 of 1992, P.L. 1163, as amended, codified as 20 Pa.C.S. § 6111.2, which states as follows:

If a person domiciled in this Commonwealth at the time of his death is divorced from the bonds of matrimony after designating his spouse as beneficiary of a life insurance policy, annuity contract, pension or profit-sharing plan or other contractual arrangement providing for payment to his spouse, any designation in favor of his former spouse which was revocable by him after the divorce shall become ineffective for all purposes and shall be construed as if such former spouse had predeceased him unless it appears from the wording of the designation, a court order or a written contract between the person and such former spouse that the designation was intended to survive the divorce. Unless restrained by court order, no insurance company, pension or profit-sharing plan trustee or other obligor shall be liable for making payments to a former spouse which would have been proper in the absence of this section. Any former spouse to whom payment is made shall be answerable to anyone prejudiced by the payment.

to SERS procedures regarding nomination of beneficiary forms. Miller testified that these forms now, as in 1979, are duplicate forms that a member completes and submits to SERS, which forms are then acknowledged on file and stamped by SERS, with a copy returned to the member. Linda Miller additionally stated that she checks to see when a nomination of beneficiary form was completed to determine whether the website statement applies, and that if a beneficiary form dated after December 1992 names a former spouse as beneficiary, it is not considered to be valid by SERS.

On appeal, Petitioners argue that: (1) pursuant to 20 Pa.C.S. § 6111.2, the May 1979 nomination of the Intervenor is invalidated, and that Petitioners, the Decedent's parents and sole heirs of the Decedent's estate, are his proper beneficiaries; (2) on several occasions, the Decedent assured his mother that she was the beneficiary of his SERS account; (3) SERS administratively invalidated all pre-divorce nominations in favor of an ex-spouse and the Board is equitably estopped from reactivating these revoked nominations; (4) the Decedent took substantial action to revoke the nomination of beneficiary form that designated Intervenor as beneficiary and to complete and submit a superseding nomination form naming his mother as beneficiary. Finally, Petitioners contend that two disinterested eyewitnesses saw the Decedent complete a new nomination of beneficiary form, which he submitted to PennDot at the aforementioned personnel meeting, although SERS has no record of receiving said form. In this regard, Petitioners contend that although the Board consented to consider extrinsic evidence based upon the doctrine of "substantial compliance," it found the testimony of Intervenor, who had a financial interest in the outcome, more persuasive.

Upon review, we concur with the Board's determination that Petitioners failed to meet their burden of proving the existence of a more recent beneficiary nomination than the May 21, 1979 beneficiary nomination form naming Intervenor as Decedent's beneficiary, and that SERS has an obligation to pay a member's death benefits to the individual last designated in writing on the beneficiary nomination form. First, we agree with the Board's rejection of Petitioners' contention that 20 Pa.C.S. § 6111.2, enacted in 1992, is applicable to the present matter and automatically invalidates the Decedent's May 1979 beneficiary nomination form designating Intervenor. In *Parsonese v. Midland National Insurance Company*, 550 Pa. 423, 706 A.2d 814, 819 (1998), our Supreme Court refused to apply the foregoing statute retroactively to beneficiary designations for a decedent's life insurance proceeds because if applied the statute "would be unconstitutional, in violation of the contract clause." The Supreme Court went on to state:

> We also agree with the trial court's holding that the remedy is to refuse to apply the statute retroactively despite the intention to establish retroactivity expressed in section 27(d) of Act 1992, Dec. 16, P.L. 1163, No. 152, and section 10(4) of Act 1994, Dec. 1, P.L. 655, No. 102. If the statute is not applied retroactively, the constitutional conflict is avoided in this case.... This rule of statutory construction in aid of the presumption in 1 Pa.C.S. § 1922(3) that "the General Assembly does not intend to violate the Constitution of the United States or of this Commonwealth," clearly justifies the decision to reject retroactive application of the statute, limiting it to prospective application.

*Id.* We further agree with the Board's rejection of Petitioners' attempt to distin-

guish their situation from *Parsonese* on the grounds that the latter dealt with life insurance beneficiary designations whereas the present matter concerns pension beneficiary designations. In this regard, the Hearing Examiner's opinion, adopted by the Board, explains that "in Pennsylvania, public retirement benefits are considered deferred compensation and public employees who have become eligible for retirement allowances possess vested contractual rights with which the General Assembly may not constitutionally interfere. American Federation of State, County, and Municipal Employees, *AFL–CEO v. Commonwealth*, 77 Pa.Cmwlth. 37, 465 A.2d 62 (1983)." (Opinion of Hearing Examiner, February 5, 2003, p. 24.) As in *Parsonese*, applying 20 Pa.C.S. § 6111.2 retroactively to the matter *sub judice* would similarly impair constitutionally protected contractual rights.

Equally without merit is Petitioners' argument that the Board erred in affirming the Hearing Examiner's determination that the extrinsic evidence Petitioners proffered was insufficient to warrant invalidating the May 1979 beneficiary nomination form designating Intervenor as beneficiary found in the Decedent's SERS file. Petitioners' arguments are based solely upon oral allegations by Decedent's brother and by Decedent's one-time supervisor that Decedent completed a new beneficiary designation form at an alleged PennDot personnel meeting that took place sometime in the early 90's. However, Petitioners failed to submit any documentary evidence of a more recent beneficiary nomination form signed by Decedent or any written verification from PennDot that such a personnel meeting in fact took place. We further concur with the Board's adoption of the Hearing Examiner's conclusion that "SERS has a duty to pay the death benefits payable on a member's account to the person last designat-

ed in writing to the Board." (Opinion of Hearing Examiner, February 5, 2003, p. 27.)

The foregoing position was unequivocally reaffirmed by this Court in *Jones v. State Employees' Retirement Board*, 830 A.2d 607 (Pa.Cmwlth.2003), *petition for allowance of appeal denied*, —— Pa. ——, 847 A.2d 1289 (No. 521 E.A.L 2003, filed March 23, 2004), in which a decedent, who became a member of SERS upon being employed by the Board of Education, was married and lived, until his death, with his wife with whom he had two children. Upon enrolling in SERS, this decedent completed a beneficiary nomination form in 1983, naming his wife as principal beneficiary of his retirement account and their two children as contingent beneficiaries. However, in 1993, the decedent began an ongoing relationship with another woman (claimant) with whom he also had two children. Upon the decedent's demise, claimant filed a petition with this Court to enjoin SERS from distributing the decedent's pension account in accordance with the decedent's nomination of beneficiary form on the basis that the latter should be "modified to include her children because conditions" had "changed since 1983 when the form was executed." In support of her petition, claimant argued that "equity requires that her children be named beneficiaries since they depended upon Decedent for financial support." *Jones*, 830 A.2d at 608.

After noting that the first and last written beneficiary designation form executed by the decedent was the one naming his wife as beneficiary and their children as contingent beneficiaries, this Court denied claimant's challenge and stated:

> The Retirement Code cannot be revised by the courts to achieve equitable results. The member's written nomination controls no matter how seemingly

*harsh the result.... Were this Court to add [claimant's children] as beneficiaries on the nomination of beneficiaries form, we would act in derogation of the Retirement Code.* However, "[w]hen the words of the statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b). Here, the plain language of the Retirement Code directs the result reached by the Board. It is for the legislature, not the judiciary, to revise the statute to address the circumstances presented by Claimant and her children.

*Jones,* 830 A.2d at pp. 609–10 (Emphasis added; citations and footnote omitted.) The rationale set forth in *Jones* is applicable to the present matter in which, notwithstanding the possible inequity of the result, the only writing in evidence is the beneficiary nomination form designating the Decedent's former wife, Intervenor, as beneficiary of his retirement benefits.

Accordingly, we affirm the Board's determination.

### *ORDER*

AND NOW, this 11th day of May 2004, the order of the State Employees' Retirement Board in the above-captioned matter is hereby affirmed.