**Barbara M. MARINUCCI, Petitioner**

v.

**STATE EMPLOYEES' RETIREMENT SYSTEM, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 3, 2004.

Decided Oct. 18, 2004.

Publication Ordered Dec. 29, 2004.

Mark C. Walsh, Scranton, for petitioner.

M. Catherine Nolan, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, COHN JUBELIRER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge COHN JUBELIRER.

Barbara M. Marinucci (Claimant) appeals an order of the State Employees' Retirement Board (Board) that adopted, in part, the hearing examiner's recommendation to deny retirement benefits to Claimant on the basis that she failed to submit an application, thus disqualifying herself under Section 5907 of the State Employees' Retirement Code (Code), 71 Pa.C.S. § 5907. Claimant asserts on appeal that the Board committed an error by: (1) omitting from its adjudication the hearing

examiner's proposed findings of fact (FOF), numbered 18, 19, 20, 21, 22, 26, 27, 32, 36, and 39; (2) denying Claimant's request for disability retirement benefits; and (3) denying Claimant's request that her disability retirement application be deemed filed on March 5, 1999.

The Board found that Claimant became a member of the State Employee Retirement System (SERS) on October 3, 1989, by virtue of her employment with the Pennsylvania Department of the Auditor General. Claimant injured her back while in the course of her employment and subsequently stopped working on February 14, 1996. Claimant's active employment was terminated on February 12, 1999, and she had 7.3313 years of service credit upon termination.

In either late 1996 or early 1997, Claimant telephoned the SERS' Regional Counseling Center in Wilkes–Barre for retirement information. Gerald Sotak (Sotak), SERS' retirement counselor, responded to Claimant's request by letter dated January 9, 1997 (Disability Retirement Estimate 1). (SERS Ex. 1; Cl. Ex. A.) The Disability Retirement Estimate 1 directed Claimant to call a retirement counselor for an appointment and to bring various items with her to this future meeting. The retirement counselor meets with the member face-to-face, in order to complete the application, after the member has called to set up a meeting. (N.T. 93.) In addition, in order to be eligible to receive a disability retirement, SERS requires a signed application. (N.T. 93.) The Disability Retirement Estimate 1 informed Claimant that

> A member must file an application for disability while they are an active member of SERS or be on paid sick leave or be an inactive member on leave without pay. You may NOT file an application for disability after you have terminated your employment.

(SERS Ex. 1; Cl. Ex. A.)

Claimant spoke with Sotak some time after receipt of the Disability Retirement Estimate 1 to discuss the information that she needed to send him. Claimant asserts that she sent several letters to Sotak, each time requesting the status of her case, and attaching the information requested in the Disability Retirement Estimate 1. (Cl. Ex.'s B, C, E, F, G, H, I, J, L, N.) SERS disputes the fact that these letters were actually sent, claiming that it has no record of receiving them. (N.T. 87.) What is not disputed, however, is that SERS has *never* received a signed application from Claimant.

Between October 10, 1998 and December 4, 1998, Claimant telephoned Sotak to inquire about the status of her disability retirement application and Sotak advised her that he had no record of having ever heard from Claimant and had no record of Claimant even being on file in his office. In response to Claimant's telephone call, Sotak sent Claimant another Disability Retirement Estimate (Disability Retirement Estimate 2) by letter dated December 4, 1998. Claimant asserts that she sent Sotak a letter in March, 1999 inquiring about the next step in the application process and also enclosing certain documents. (Cl. Ex. I.) Sotak acknowledges receiving Claimant's letter of March 1, 1999, but claims that the enclosures referenced in the letter, other than a copy of her January 4, 1999 correspondence, submitting certain information to him, were not included. (FOF ¶ 28; N.T. 102–103.)[1]

---

1. The record also shows that on June 30, 1999 and December 30, 1999, Claimant received two letters from Linda Miller, Director of the SERS Benefits Determination Division, each advising her that she had terminated her employment and that she had a balance in

On October 1, 2001, Claimant sent a letter to John Brosius, the Executive Director of SERS, requesting that he review the status of her application. (Cl. Ex. Q.) By letter dated December 13, 2001, SERS, through Ronald L. Bartlebaugh, Director of the Bureau of Research and Special Services, advised Claimant that she had not filed an application for disability benefits while she was an active member of SERS, and that there was no reason justifying her non-filing of the application. He, therefore, denied her request for state disability retirement. (Cl. Ex. R.)

■ Claimant filed an appeal with a Hearing Examiner regarding SERS' denial of her request to file a disability annuity application after her termination from state employment and requesting, in the alternative, that her disability annuity application be deemed filed March 5, 1999. (R. at 1a, 2a.) On November 14, 2003, the Hearing Examiner recommended that the Board deny Claimant's appeal, a recommendation the Board adopted. (R. at 348a.) In so doing, the Board found that

Claimant knew she had to apply for disability retirement benefits prior to termination of her employment on February 12, 1999 in order to be eligible for disability retirement. (Board op. at 2–3.) It also found that Claimant had never scheduled an appointment with Sotak; rather, all she did was send him various items of correspondence. (Board's op. at 3.) Thereafter, Claimant filed a timely appeal with this Court.[2]

■ Claimant first contends that the Board's decision to omit proposed findings of fact made by the hearing examiner regarding the sending of her letters to SERS was erroneous because those findings were supported by substantial evidence. (Cl. Br. at 21.) However, Claimant misapprehends the nature of the Board's review. The Board is the factfinder, *Beardsley v. State Employes' Retirement Board*, 691 A.2d 1016 (Pa.Cmwlth. 1997), and it can delete or omit any *proposed* findings made by the Hearing Examiner.[3]

her SERS account. Furthermore, Claimant was directed to contact a retirement counselor at the SERS' Hazleton Regional Counseling Center. (Cl. Ex. K, M.) Claimant, however, never did so. In fact, even as of the time of Claimant's appeal to this Court, she had still not filed an application for retirement benefits.

2. "Our standard of review is limited to determining whether an error of law was committed, whether there is substantial evidence to support necessary findings of fact, or whether constitutional rights have been violated." *Lowing v. Public School Employes' Retirement Board*, 776 A.2d 306, 307 n. 1 (Pa.Cmwlth. 2001).

3. As succinctly explained in *Dowler v. Public School Employes' Retirement Board*, 153 Pa. Cmwlth. 109, 620 A.2d 639 (1993):

Proceedings before the board are governed by the General Rules of Administrative Practice and Procedure, 1 Pa.Code §§ 31.1–35.251 (General Rules). This court has pre-

viously addressed the delegation of powers under the General Rules. In *Northwestern Institute of Psychiatry v. Department of Public Welfare*, 99 Pa.Cmwlth. 213, 513 A.2d 495, 498 (1986), this court explained that:

Under these procedures the ... agency head can, herself, hold hearings *or* designate that duty to a 'presiding officer.' 1 Pa.Code § 35.123 and § 35.185. When a presiding officer is so designated, as was the hearing attorney in this case, he can be ordered by the [agency head] to prepare, *inter alia*, a *proposed* report. See 1 Pa.Code § 35.202. That report must contain, *inter alia*, findings of fact and conclusions. 1 Pa.Code § 35.203. Nowhere in these procedures is the hearing attorney given authority to file an order.... Most important for our purposes, nowhere in these procedures is there *any* language which establishes the hearing attorney as the fact finder. (Emphasis in original, footnotes omitted.)

The hearing examiner in the case before us is a "presiding officer" within the meaning

■ Claimant next contends that the Board committed an error of law in denying Claimant's request for disability retirement benefits because she complied with the Code in that she initiated the application process by sending letters and documents to Sotak in April 1997 and again in January 1999. (Cl. Br. at 27.)[4] Claimant supports her argument by citing *Beardsley* for the proposition that the Board must liberally administer the retirement system in favor of its members. *Id.* at 1019.

Section 5907(f) of the Code provides, in pertinent part:

Each member who terminates State service and who is not then a disability annuitant shall execute **on or before the date of termination of service the appropriate application,** duly attested by the member or his legally constituted representative . . .

71 Pa.C.S. § 5907(f) (emphasis added). In order to comply with the Code and be eligible for disability retirement benefits, Claimant had to execute a retirement application prior to the February 12, 1999 date of termination, which she never did. (FOF ¶ 10.) Claimant asserts, however, that her various letters and attachments to Sotak satisfied her obligation of filing an application. We disagree.

■ SERS is a creature of legislation which provides for various contributions and choices for the pensioner upon retirement. *Bittenbender v. State Employees' Retirement Board,* 154 Pa.Cmwlth. 11, 622 A.2d 403, 405 (1992). "Thus, an employee

has only those rights created by statute and none beyond it." *Id.* Although we must liberally administer the retirement system in favor of its members, "a liberal administration of the retirement system does not permit the board to circumvent the express language of the Code...." *Dowler v. Public School Employees' Retirement Board,* 153 Pa.Cmwlth. 109, 620 A.2d 639, 644 (1993). The Board has no authority to grant equitable relief in contravention of the statutory mandates of the Retirement Code. *Rowan v. Pennsylvania State Employees' Retirement Board,* 685 A.2d 238, 240 (Pa.Cmwlth.1996). "The Retirement Code cannot be revised by the courts to achieve equitable results." *Mager v. State Employees' Retirement Board,* 849 A.2d 287, 292–293 (Pa.Cmwlth.2004) (citing *Jones v. State Employees' Retirement Board,* 830 A.2d 607 (Pa.Cmwlth. 2003), *petition for allowance of appeal denied,* 577 Pa. 728, 847 A.2d 1289 (2004)). Moreover, "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b). Therefore, it is for the legislature, not the judiciary, to revise and amend the statute to address Claimant's circumstances. *Id.*

As previously noted, Claimant received two letters from Sotak, each informing her that she was to call Sotak to set up an appointment in order to complete her application. (Cl. Ex. A, G.) Claimant never scheduled an appointment with Sotak, nor did she sign a retirement application.

---

of the General Rules, and the board is an "agency head." Nothing in the Code, or in the regulations issued pursuant to the Code, contradicts this portion of the General Rules. 1 Pa.Code § 31.1. Therefore, the hearing examiner is not the factfinder. The board is. *Dowler,* 620 A.2d at 641. Furthermore, because none of the letters included an applica-

tion, the inclusion of these findings would not change the outcome of this case.

4. It is undisputed that Claimant meets the requirements of Section 5308(c) because she was clearly an active member on leave without pay who had credit for at least five (5) years of service. (SERS Br. at 24.) 71 Pa. C.S. § 5308(c).

Rather, Claimant asserts that she was under the impression that her application was underway and that sending Sotak several attachments regarding her disability was sufficient. This Court has held that the Code cannot be construed to give equitable relief. *Mager,* 849 A.2d at 292–293. Although the outcome may seem harsh, the statute is clear and it is for the legislature to revise the Code to allow for Claimant's requested relief. Because Claimant did not file a signed application for retirement benefits, but instead sent various letters and information to Sotak, we must hold that she did not comply with the Code and, therefore, is not entitled to retirement benefits. 71 Pa.C.S. § 5907(f).

In the alternative, Claimant argues that the Board erred in denying her request that her disability retirement application be deemed filed on March 5, 1999 because her Collective Bargaining Agreement afforded Claimant 90 days notice of her termination, which, she asserts, her employer did not prove she had received. (Cl. Br. at 28.) However, because, even as of March 5th, Claimant had not properly applied for benefits under the Code, we need not address this issue.[5]

Having determined that Claimant failed to file an application for disability under the Code, we must affirm the Board's decision that Claimant is not entitled to disability benefits.

## *ORDER*

NOW, October 18, 2004, the order of the State Employes' Retirement Board in the above-captioned matter is hereby affirmed.

---

5. We do note that even if Claimant had signed an application for disability, which she did not, SERS could not be bound by the terms of a collective bargaining agreement to which it was not a party, especially where compliance with the agreement would be at variance with its statutory mandate.